UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| YORK MARINE, INC., | ) |
| | ) |
| Plaintiff and Counter-Defendant, | ) |
| | ) |
| v. | )   2:15-cv-00184-JDL |
| | ) |
| M/V *INTREPID*, *in rem*, | ) |
| | ) |
| Defendant, Third-Party Plaintiff, | ) |
| and Counter-Claimant, | ) |
| | ) |
| and | ) |
| | ) |
| JOHN T. WILSON, *in personam*, | ) |
| | ) |
| Defendant, Third-Party Plaintiff, | ) |
| and Counter-Claimant, | ) |
| | ) |
| and | ) |
| | ) |
| MICHAEL YORK, | ) |
| | ) |
| Third-Party Defendant. | ) |

ORDER ON MOTIONS

This case involves an action by York Marine, Inc. ("York Marine") to foreclose on a maritime lien against the vessel M/V *Intrepid* (the "Vessel") based on claims of breach of contract and unjust enrichment against Defendant John T. Wilson, the owner of the Vessel.  ECF No. 9.  Defendants have brought counterclaims and third-party claims against York Marine and Michael York, respectively, for negligence, breach of warranty of workmanlike performance, fraud, conversion, and violation of the Maine Unfair Trade Practices Act, 5 M.R.S.A. § 207 (2016).  ECF No. 14.  There are three motions currently before the court: Defendant Wilson's motion to set

amount of bond (ECF No. 62), Plaintiff's motion for order of payment of *custodia legis* expenses prior to release of vessel upon filing of bond (ECF No. 70), and Plaintiff's motion for order to preserve evidence (ECF No. 76). A hearing was held on April 21, 2016. ECF No. 81. I address each motion below.

**1.     Defendant's Motion to Set Amount of Bond (ECF No. 62)**

The motion is **GRANTED**. Defendant's counsel shall prepare a proposed bond consistent with the following findings as to the amount "sufficient to cover the amount of the plaintiff's claim fairly stated with accrued interest and costs," Fed. R. Civ. P. Suppl. R. E(5)(a).

> A. Supported invoices excluding *custodia legis* expenses
>    and excluding finance charges                                    = $59,621.43
> B. Prejudgment interest on $59,621.43 at the rate of the
>    one-year United States Treasury bill rate plus 3%[1]              = TBD
> C. *Custodia legis* expenses of the substitute custodian            = $18,000.00
> D. *Custodia legis* expenses of the United States Marshal
>    and filing fee                                                    = $2,405.58

The Vessel shall not be moved before May 20, 2016. Accordingly, the additional sum of $4,858 sought by Plaintiff for moving-related expenses if the vessel was moved prior to May 20, 2016, is not included.

The proposed bond shall be submitted to Plaintiff's counsel for comment, and the parties shall seek to resolve any disagreements regarding the wording of the bond prior to its submission to the court by Defendant.

---

[1] *See Grande v. St. Paul Fire & Marine Ins. Co.*, 460 F. Supp. 2d 163, 165-66 (D. Me. 2006); 14 M.R.S.A. § 1602-B(3) (2016).

**2.     Motion for Order of Payment of *Custodia Legis* Expenses Prior to Release of Vessel upon Filing of Bond (ECF No. 70)**

Because the court has included the *custodia legis* expenses in the bond that will issue, the motion is **DENIED**.

**3.     Plaintiff's Motion for Order to Preserve Evidence (ECF No. 76)**

The motion is **GRANTED IN PART** as follows: Plaintiff's representatives, no more than two, shall be permitted to be present for the commissioning of the Vessel (including the initial testing, pulling of oil samples, and running of the engine) and shall be permitted to pull their own oil samples.  The commissioning shall be scheduled at a time, date, and place that is convenient for all parties.  Defendant will be under a continuing obligation to thereafter notify Plaintiff of any anomalies with the engine.  The motion is **DENIED** in all other respects.

**SO ORDERED.**

Dated this 25th day of April, 2016.

                                                                      **/s/ Jon D. Levy**
                                                       **U.S. DISTRICT JUDGE**